Filed 11/22/21  P. v. Vang CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GER VANG,<br><br>        Defendant and Appellant. | C093822<br><br>(Super. Ct. No. 20CF00377) |

Appointed counsel for defendant Ger Vang has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2020, defendant broke a window in his sister's home. She called the police who came and found defendant in the bathroom. He admitted breaking the window. Defendant's sister told police that in addition to breaking the window, defendant hit and kicked a door and stabbed and cut a couch with a knife, then refused to leave. The police arrested defendant.

During their investigation, the police learned defendant had been living with his sister for nearly 10 years, but she recently had kicked him out as a result of his drug and alcohol abuse. In fits of rage, defendant damaged the bathroom, bedroom, and exterior doors.

The People charged defendant with felony vandalism. (Pen. Code, § 594, subd. (a).) Defendant pleaded no contest. In exchange for his plea, the People agreed defendant would not serve immediate prison time, but would be placed on probation.

On October 15, 2020, in accordance with the plea agreement, the trial court suspended imposition of sentence and placed defendant on three years' formal probation.

On December 8, 2020, the Butte County Probation Department filed a first amended violation of probation petition. Defendant admitted violating his probation by possessing alcohol. The court reinstated defendant to probation.

On February 2, 2021, the probation department filed a new probation violation petition. Defendant admitted violating his probation by possessing alcohol. Following referral to Butte County Behavioral Health for an alcohol and drug assessment, the trial court terminated probation and, on March 11, 2021, sentenced defendant to the midterm of two years in county prison and imposed a $300 probation revocation restitution fine (§ 1202.44). He received 213 total days of custody credit.

Defendant timely appealed; the trial court granted his request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.


    KRAUSE    , J.


We concur:


    RAYE    , P. J.


    HULL    , J.